An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-89

Filed 1 July 2026

Buncombe County, No. 23CVS004611-100

JAMES BALEY, as Executor of the Estate of Benn Edney Fass, Jr. and as Trustee of the Benn Edney Fass, Jr. Revocable Living Trust u/a/d 3/27/01, Plaintiff,

v.

JEANNE ADAMS, as Executor of the Estate of John Pickering, R. HUBERT EDNEY, III, DEBRA EDNEY JAMES, THE COMMUNITY FOUNDATION OF WESTERN NORTH CAROLINA, CHATHAM HALL, CORNELL UNIVERSITY, a/k/a Cornell University School of Hotel Administration, Defendants.

Appeal by Defendant-Appellant Debra Edney James from order entered 24 September 2025 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 3 June 2026.

> *The Van Winkle Law Firm, by Heather Whitaker Goldstein, for Plaintiff-Appellee James Baley, as Executor of the Estate of Benn Edney Fass, Jr. and as Trustee of the Benn Edney Fass, Jr. Revocable Living Trust u/a/d 3/27/01.*
>
> *Searson, Jones, Gottschalk & Cash, PLLC, by W. Scott Jones, for Defendant-Appellee Jeanne Adams, as Executor of the Estate of John Pickering.*
>
> *Debra Edney James, Defendant-Appellant, Pro se.*

COLLINS, Judge.

Debra Edney James ("Defendant") appeals from the trial court's order granting Jeanne Adams, as Executor of the Estate of John Pickering, summary judgment. For the reasons stated herein, we dismiss Defendant's appeal.

## I.    Background

Benn Edney Fass, Jr. ("Decedent") executed the Benn Edney Fass, Jr. Revocable Living Trust Agreement on 27 March 2001 ("the Trust"). The Trust provided for specific distributions upon Decedent's death, including a gift to John Pickering of all interests in Westridge Marketplace Associates, LLC; Westridge Outparcel Associates, LLC; and the National Linen Service Building in New Orleans, Louisiana. Decedent died on 25 February 2021.[1]

The Trust held a 23.4286% ownership interest in Westridge Marketplace Associates, LLC ("Westridge Marketplace") during Decedent's lifetime. In February 2009, Westridge Outparcel Associates, LLC merged into Westridge Marketplace. Westridge Marketplace executed a special warranty deed in July 2020 conveying a 23.4286% undivided co-tenant interest in two parcels of commercial real property to Edney Westridge, LLC. The Trust held its proportional interest in the same underlying commercial property through Edney Westridge, LLC.

The Trust also held an interest in the National Linen Service Building in New Orleans. The building was destroyed by a fire prior to Decedent's death, and

---

[1] The background of the related appeal concerning a holographic amendment appears in *Adams v. Baley*, COA26-78.

insurance proceeds were paid on the loss. Those proceeds were used to purchase real property in Chattanooga, Tennessee, and Goldsboro, North Carolina, which were placed into NCLA Associates, LLC. The Trust held a 25% ownership interest in NCLA Associates, LLC.

Jeanne Adams, as Trustee of the Benn Edney Fass, Jr. Revocable Living Trust u/a/d 3/27/01 ("Plaintiff")[2] filed a complaint seeking a declaratory judgment "interpreting and construing Exhibit A, specifically determining who is to receive the Trust's interest in Westridge Associates, LLC and NCLA Associates, LLC" and "fixing, determining and declaring the respective interests, rights and responsibilities of the parties to this action[.]"

Mr. Pickering answered the complaint and filed a counterclaim on 13 December 2023, seeking a declaratory judgment that he was entitled to an outright distribution of the Trust's: (1) "23.4286 percent interest in the assets formerly held by Westridge Marketplace Associates, LLC, now held in Edney Westridge, LLC"; and (2) "25 percent interest in NCLA Associates, LLC." Defendant answered the complaint and counterclaim, asserting that the Trust's interests in Westridge Marketplace and NCLA Associates, LLC had been adeemed.

Mr. Pickering died on 27 March 2024, and Jeanne Adams was appointed Executor of his estate. The trial court entered an order on 30 April 2025 substituting

---

[2] James Baley was substituted as Plaintiff after he succeeded Jeanne Adams as Trustee of the Benn Edney Fass, Jr. Revocable Living Trust.

as Defendant Jeanne Adams, as Executor of the Estate of John Pickering ("Pickering Estate"). After Ms. Adams resigned as Trustee of the Trust, James Baley was appointed as Successor Trustee. The trial court entered an order on 9 June 2025 substituting as Plaintiff James Baley, as Executor of the Estate of Benn Edney Fass, Jr. and as Trustee of the Benn Edney Fass, Jr. Revocable Living Trust u/a/d 3/27/01.

Plaintiff and the Pickering Estate filed cross-motions for summary judgment on 11 September 2025. The trial court entered an order on 24 September 2025 granting the Pickering Estate summary judgment and declaring in relevant part:

> 1. The interests of the Benn Edney Fass, Jr. Revocable Living Trust u/a/d 3/27/01 in Westridge Marketplace, LLC and Edney Westridge, LLC be distributed outright and free of trust to the Estate of John Pickering pursuant to paragraph A of Schedule D of the trust.
>
> 2. The interests of the Benn Edney Fass, Jr. Revocable Living Trust u/a/d 3/27/01 in NCLA Associates, LLC be distributed outright and free of trust to the Estate of John Pickering pursuant to paragraph A of Schedule D of the trust.

Defendant appealed.

## II.    Discussion

### A. Motion to Dismiss Appeal

Plaintiff and the Pickering Estate (collectively, "Appellees") move to dismiss this appeal because Defendant included materials in the record to which Appellees had objected and subsequently represented that the record was settled by stipulation.

Our Supreme Court has identified three categories of appellate rule violations:

"(1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194 (2008). While "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal[,]" it may if those violations are "substantial" or "gross." *Id.* at 198-99. The Rules of Appellate Procedure also authorize appellate courts to impose sanctions, including dismissal, when a party has "substantially failed to comply" with the rules. N.C. R. App. P. 25(b), 34(b).

Here, although Defendant included materials in the record to which Appellees had objected and inaccurately represented that the record was settled by stipulation, in violation of our appellate rules, these violations do not amount to substantial noncompliance warranting dismissal. We therefore deny the motion to dismiss and address the appeal on the merits.

## B. Ademption

Defendant argues that the trial court erred by concluding that the Trust's interests in Westridge Marketplace and NCLA Associates, LLC were not adeemed and that the assets therefore passed to the Pickering Estate.

Defendant's appeal is foreclosed by our decision in *Adams v. Baley*, COA26-78. In that appeal, we affirmed the trial court's order granting Plaintiff summary judgment and held that the handwritten document executed by Decedent prior to her death constituted a holographic amendment to the Trust. As we explained, the

holographic amendment unambiguously directed that all Trust assets be distributed to Mr. Pickering upon Decedent's death. Because that amendment is valid and enforceable, its dispositive effect controls the distribution of every asset held in the Trust at the time of Decedent's death, including those that Defendant argues were adeemed.

Defendant cannot obtain relief in this appeal in light of our holding in *Adams*, as the dispositive issue—who is entitled to all Trust assets—has already been resolved. Accordingly, we dismiss Defendant's appeal.

### III. Conclusion

For the foregoing reasons, we dismiss Defendant's appeal.

DISMISSED.

Judges STROUD and ARROWOOD concur.

Report per Rule 30(e).